IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) CRIMINAL NO.  19-84 |
| | ) |
| | ) SENIOR JUDGE JOY FLOWERS CONTI |
| | ) |
| vs. | ) |
| | ) |
| **DEVONTAY MONTAZE GREEN,** | ) |
| | ) |
| Defendant, | ) |

## OPINION

Pending before the court is a motion filed by counsel on behalf of Defendant Devontay Montaze Green ("Green") to dismiss count 1 of the indictment (ECF No. 53). The government filed a response in opposition (ECF No. 55) and the motion is ripe for disposition.

Count 1 of the indictment charges that Green knowingly, intentionally and unlawfully distributed a quantity of heroin and fentanyl resulting in serious bodily injury and death of a person known to the grand jury, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count 2 of the indictment, which Green does not seek to dismiss, charges him with possession with intent to distribute a quantity of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Green argues that the "evidence" of Green's distribution of drugs to the decedent, as set forth at the detention hearing, is insufficient (ECF No. 53 at 2). Specifically, Green contends that evidence that a defendant distributed drugs to an intermediary, who distributed the drugs to the victim, does not satisfy the "but for" standard adopted in *Burrage v. United States*, 571 U.S. 204, 218-19 (2014) ("We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant

cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury."). Green contends that "the evidence that will be presented by the government" is that Green distributed a single type of drug to a third party, who provided it to the decedent (ECF No. 53 at 2). Green further contends, citing the autopsy report, that he did not provide a portion of the drugs that led to the overdose. *Id*.[1]

The government did not respond to Green's argument about the application of *Burrage*. Instead, the government contends that Green's argument is premature because it relies upon conjecture of the anticipated evidence at trial. The government cites Federal Rule of Criminal Procedure 12(b)(1), which provides: "A party may raise by pretrial motion any defense, objection, or request **that the court can determine without a trial on the merits**." (Emphasis added). The government points out that because Green is contesting the sufficiency of the evidence, his arguments cannot be resolved in a pretrial motion.

The government also contends that, to the extent Green is challenging the sufficiency of the charge at count 1, his argument is without merit. The government cites *United States v. Huet*, 665 F.3d 588, 594–95 (3d Cir. 2012), which recognized that it is "well-established" that if an indictment returned by a grand jury is valid on its face, there must be a trial of the charge on the merits. An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id*. (citations omitted).

The court agrees with the government. Green's motion does not challenge the sufficiency of the charge in the indictment. Green does not contest that the indictment contains

---

[1] Although the motion states that the cover page of the autopsy is attached as Exhibit A, there were no exhibits with the motion.

the elements of the offense at count 1, apprises Green of what he must be prepared to meet, and is sufficient to prevent double jeopardy concerns. Instead, Green challenges the sufficiency of the government's <u>evidence</u>. His motion to dismiss, therefore, is improper. As the court explained in *Huet*:

> A pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. There is no criminal corollary to the civil summary judgment mechanism. In evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment. Evidentiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage.

*Huet*, 665 F.3d at 1595 (citations and internal punctuation omitted); *accord United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000).

In summary, for the reasons set forth above, Green's motion to dismiss (ECF No. 53) will be DENIED. Because the parties' pretrial motions are now resolved, a telephonic status conference is hereby scheduled for December 22, 2020 at 3:30 p.m., to discuss the procedural status of this case.

An appropriate order will be entered.

December 18, 2020

                                      BY THE COURT:

                                      <u>/s/ Joy Flowers Conti</u>
                                      Judge Joy Flowers Conti
                                      Senior United States District Judge