IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 19-84 |
| DEVONTAY MONTAZE GREEN, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (ECF No. 169) filed pro se by defendant Devontay Green ("Green"). Green's motion was forwarded to the public defender's office, who declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. (ECF No. 171). The government filed a response, opposing the motion. (ECF No. 172). The motion is ripe for disposition.

On January 26, 2023, Green pleaded guilty to Count 2 of the indictment at criminal action number 19-84, which charged him with possession with intent to distribute a quantity of heroin and fentanyl. The guilty plea was entered pursuant to a Rule 11(c)(1)(C) plea agreement. In the plea agreement, among other things, Green:

> Acknowledge[d] his responsibility for the conduct charged in Count One on the Indictment at Crim. No. 19-84 and stipulate[d] that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range or in imposing sentence.

Plea Agreement ¶ A(2). Pursuant to Rule 11(c)(1)(C), the parties stipulated and agreed that the appropriate sentence in this case is a term of imprisonment of at least 6 years but no more than 14 years; a fine, if any, in an amount to be determined by the Court; a term of supervised release

1

of at least 3 years, and a special assessment of $100. Defendant also agreed to pay restitution to the victim.

Green obtained substantial benefits from the plea agreement. Count 1 charged Green with distributing fentanyl that resulted in the death of a user. Because Green had a prior felony drug conviction, he faced a mandatory sentence of life imprisonment if convicted at count 1.

In the Presentence Investigation Report ("PIR") (ECF No. 137), Green's criminal convictions resulted in a criminal history score of 2. Green committed the instant offense while under a criminal justice sentence. Two "status points," therefore, were added to his criminal history score, for a total criminal history score of 4, pursuant to U.S.S.G. § 4A1.1(d). According to U.S.S.G. Chapter 5, Part A, a criminal history score of 4 establishes a criminal history category of III. The advisory guideline range calculated in the PIR and the court's tentative findings and rulings, which were issued in May 2023 (ECF No. 144), were based on offense level 16[1] and criminal history III. The advisory guideline range was 27-33 months in prison.

At the sentencing hearing on January 3, 2024, however, the court modified this calculation. The court determined, based on the amendments to the guidelines, that Green was in criminal history category II. (ECF No. 165). Green was sentenced based on an advisory guideline range of 24-30 months in prison. The court accepted the parties' plea agreement and imposed a term of imprisonment of 84 months, which was within the much higher range (6 to 14 years) stipulated by the parties in the plea agreement.

---

[1] Green's contention that his offense level should be 13 is wrong. His base offense level is 18, which was reduced by 2 levels for acceptance of responsibility. (ECF No. 144). Green did not qualify for a 3-level reduction because he did not plead guilty until after the government prepared for trial multiple times.

2

Discussion

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Prior to the enactment of Amendment 821, 2023 United States Sentencing Guideline App'x C, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1. If the defendant is still serving a term of imprisonment, Amendment 821 will retroactively apply. U.S.S.G. § 1B1.10. The government, in its response, acknowledges that Green benefits from Amendment 821, which has the effect of moving him from criminal history category III to II.

The problem for Green, however, is that the court already recognized the effect of this amendment at the sentencing hearing. The court modified the guideline calculation and sentenced Green based on criminal history category II. Because Green's sentence already reflects Amendment 821, his sentencing guideline range remains the same, and Green is ineligible for a sentence reduction under § 3582(c)(2). *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017); *see United States v. Jeffries*, No. 2:20-CR-204-10, 2024 WL 2059352, at *2 (W.D. Pa. May 7, 2024) (denying defendant's motion to reduce

sentence where the guideline range was unchanged after applying the amendment).

The government argues, citing *Hughes v. United States*, 584 U.S. 675, 687 (2018), that Green is not entitled to relief because "the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement.'" The government points out that Green was sentenced to a large upward variance based on the parties' plea agreement and the death of the user. Because the court already applied Amendment 821 in imposing Green's sentence, it need not reach the government's alternative argument. The court notes, however, that in *Hughes*, the Supreme Court commented: "in the usual case the court's acceptance of a Type–C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.*

In sum, Green's criminal history category of II and the advisory guideline range used to impose sentence (24-30 months) reflected the benefits of Amendment 821. Green already received the relief he seeks in the pending motion.

## Conclusion

For the reasons set forth above, the motion to reduce sentence (ECF No. 169) filed pro se by Green will be denied.

An appropriate order will be entered.

By the court,

Date:  August 15, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge